UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| V. | ) | NO. 3:16-CR-37 |
| | ) | CHIEF JUDGE VARLAN |
| | ) | |
| NEAL ALLEN HOLLAND | ) | |
| Defendant. | ) | |

## MOTION FOR VARIANCE AND SENTENCING MEMORANDUM

## IN SUPPORT THEREOF

The Defendant, Neal Allen Holland, by and through undersigned counsel, respectfully asks this Honorable Court to vary from the advisory guidelines in this matter. The Presentence Investigation Report correctly calculates the low end of the guideline range as 151 months. (PSR, ¶ 73). Specifically, Mr. Holland requests that the Court vary from the advisory guideline range and thereafter impose a sentence of 120 months in his case. He submits that such a sentence would be sufficient but not greater than necessary when examining the statutory factors of 18 U.S.C. § 3553(a). In support of this request, Mr. Holland respectfully submits the following:

MR. HOLLAND'S HISTORY AND CHARACTERISTICS

Mr. Holland is 28 years old. He was born in Carrolton, Georgia. Mr. Holland's parents divorced when he was a toddler. He resided in Georgia with his father until 2012. Mr. Holland moved to East Tennessee after his father passed away. He reports having a good relationship with his two sisters. Mr. Holland's younger sister has been particularly helpful to

1

him during this case. He is very grateful for the continued support of his loved ones. Mr. Holland wants nothing more than to put these issues behind him so that he can become a productive member of society.

Mr. Holland obtained his high school diploma as a special education student. (PSR, ¶ 67). Learning difficulties made school a very challenging experience for him. In addition, Mr. Holland suffered from Scarlet Fever as an infant. This illness appears to have impaired his cognitive ability, and it also left him with ear, nose, and throat issues. Mr. Holland also suffers from poor eyesight and Scoliosis.

Mr. Holland has no criminal history. He has a criminal history score of zero. Notably, this matter represents Mr. Holland's first contact with the criminal justice system. He reports that the time in custody awaiting sentencing has provided him with the opportunity to fully examine the consequences of his actions in this case. As a young adult, Mr. Holland certainly has a great deal of time in life to rehabilitate himself. He plans to further his education by seeking out vocational certifications and training. Mr. Holland is steadfastly committed to a healthy process of rehabilitation.

In terms of the procedural posture of this case, Mr. Holland executed a timely plea agreement with the government. He has agreed to each sentencing enhancement that applies to the instant case. Mr. Holland did not seek pre-trial release or create any other issues for the Court or for the government. Mr. Holland was very cooperative with law enforcement officials at the time of his arrest. He did not attempt to hide or minimize any of his actions. Moreover, Mr. Holland has agreed to forfeit all property associated with the criminal conduct in this case. He understands there are consequences for violating federal law. Mr. Holland offers no excuses for his actions. Accordingly, he is ready to satisfy all Court-ordered obligations and conditions

of release.

For the foregoing reasons, Mr. Holland respectfully requests that the Court impose a sentence of 120 months in his case to be followed by 5 years of supervised release. The conditions of release will require him to participate in sex offender treatment while under the strict supervision of the United States Probation Office.

Likewise, Mr. Holland will be required to register as a sex offender and be subject to the extensive special conditions of release required by the Local Rules. Any violation of these rules would likely result in Mr. Holland serving an additional term of imprisonment. Moreover, he will be required to maintain registration with the federal sex offender registry. Given Mr. Holland's age, initial cooperation with authorities, and benign criminal history, the requested sentence appears to be a reasonable sentence for the Court to consider in this case.

A sentence of 120 months is a significant term of imprisonment. This is especially true for a young person like Mr. Holland who has no criminal history, a willingness to succeed on conditions of release, and a history of learning disabilities. The proposed sentence, followed by supervised release, would satisfy the goals of protecting the community and provide a sentence with clear deterrent value. Consequently, a sentence of this kind would be more than sufficient when considering the statutory purposes envisioned by 18 U.S.C. § 3553(a).

WHEREFORE, Mr. Holland respectfully requests that the Court impose a sentence of 120 months to be followed by 5 years of supervised release.

Respectfully submitted this 30th day of May, 2017.

                        FEDERAL DEFENDER SERVICES
                        OF EASTERN TENNESSEE, INC.

                            s/ Bobby E. Hutson, Jr.
                        Bobby E. Hutson, Jr. BPR No. 143116
                        Assistant Federal Defender
                        800 S. Gay Street, Suite 2400
                        Knoxville, TN   37929

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 30, 2017, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

                            s/ Bobby E. Hutson, Jr.
                        Bobby E. Hutson, Jr.